DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. MARTINEZ AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )   Case No. 3:18-cr-0003 |
| | ) |
| **BRAULIO MARTINEZ,** | ) |
| | ) |
|       **Defendant.** | ) |
| | ) |

**ORDER**

    **BEFORE THE COURT** are the motions of Braulio Martinez for compassionate release. (ECF Nos. 59, 62, and 66). For the reasons stated below, the Court will deny the motions without prejudice.

**I. BACKGROUND**

    On February 8, 2018, a federal grand jury in the U.S. Virgin Islands returned a three-count indictment charging Braulio Martinez ("Martinez") with various federal drug trafficking offenses.

    On August 2, 2018, the Court accepted Martinez's guilty plea to Count One of the indictment.

    On February 7, 2019, the Court sentenced Martinez to a term of imprisonment of 46 months and four years supervised release.

    On April 29, 2020, Martinez filed a motion for compassionate release. (ECF No. 59). In his motion, Martinez requests that the Court consider him for "a sentence commutation, modification, or compassionate release" due to the COVID-19 pandemic. *See* Mot. for Release from Custody at 1, ECF No. 59. On May 6, 2020, Martinez filed a second motion for compassionate release due to the COVID-19 pandemic. (ECF No. 62). On the same date, the United States filed an opposition to Martinez's first motion for compassionate release. (ECF No. 63). Thereafter, on May 14, 2020, Martinez filed a third motion for compassionate release. (ECF No. 66). On May 18, 2020, the United States filed an opposition to Martinez's third motion for compassionate release. (ECF No. 67).

## II. DISCUSSION

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Martinez does not assert that he made any request to the BOP to move for compassionate release on his behalf. As such, the Court will deny the motions due to Martinez's failure to exhaust his administrative remedies.

The premises considered, it is hereby

**ORDERED** that Braulio Martinez's motions for compassionate release, ECF Nos. 59, 62, and 66, are **DENIED** without prejudice.

**Dated:** May 27, 2020          s/ *Robert A. Molloy*
                                                                     **ROBERT A. MOLLOY**
                                                                     **District Judge**